IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| COLIN D. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV. A. NO.: 24-0123-KD-MU |
| | ) | |
| THREE FINGERS, INC., etc., | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

On June 25, 2024, Defendant Three Fingers, Inc., d/b/a Foosackly's ("Foosackly's") filed a Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 12). This motion has been referred to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. Gen. LR 72. In its motion, Foosackly's seeks dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Foosackly's motion to dismiss be **DENIED**.

### I. **Factual Allegations**[1]

In his amended complaint (Doc. 9), Plaintiff has alleged as follows:

Plaintiff, an African American, was hired in or around June 2019 as a Food Crew Member at the Dauphin Street location of Foosackly's. (Doc. 9, PageID. 37, 39). Plaintiff worked on and off for Foosackly's between August 2021 until May 2023 when he

---

[1] For consideration of this motion to dismiss, Plaintiff's factual allegations have been accepted as true and viewed in the light most favorable to Plaintiff. *See McElmurray v. Consol. Gov't of Augusta-Richmond Cty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

finished college. (*Id*. at PageID. 37). Plaintiff returned to work full-time at Foosackly's in or around May 2023 and worked as a food crew member, in the kitchen, and up front as a server. (*Id*.). During Plaintiff's employment, his General Manager was Randall "Randy" Lewis, who is Caucasian, and his District Manager was Troy Wilson, also Caucasian. (*Id*.).

On or about July 15, 2023, Plaintiff was sent a video from a co-worker, Ashley Dennis, which manager John Harvell, a Caucasian salaried Manager at Foosackly's, had posted on social media. (*Id*.). The video showed John Harvell singing along with the song "No New Friends." (*Id*.). During this video, John Harvell repeatedly used the "N" word along with the song lyrics. (*Id*.). Plaintiff was offended by the salaried Manager's use of the "N" word on social media. (*Id*.). John Harvell's social media was followed by and accessible to the employees at Foosackly's. (*Id*.).

The next day, Sunday July 16, 2023, the employees along with several managers discussed this video while at work. (*Id*. at PageID. 38). The employees included, but were not limited to, Plaintiff, Ashley Robinson, Danielle Harvell (manager), Caleb Frankling, and Devin Thigpen (manager). (*Id*.). These discussions included generally how John Harvell used the "N" word, what was going to happen, and how the employees felt about the video. (*Id*.). Danielle Harvell told them that she had heard that John Harvell had to give up using the "N" word to propose to his fiancé because she did not condone his use of racial language. (*Id*.). During July 2023, Plaintiff also discussed the video and the use of the "N" word by John Harvell with Dominque Crum, who was a salaried manager, and Hope, who was a Team Leader. (*Id*.). After these conversations,

2

Plaintiff felt that John Harvell was aware of his dislike of the racial language and Harvell began treating Plaintiff differently on shift. (*Id*.).

In October 2023, there was an incident when Plaintiff and a co-worker, Michael Sykes, took out the trash. Kidding around, Plaintiff threw the trash in the dumpster with one hand and said jokingly something to the effect "I still have it." (*Id*.). After this incident, Plaintiff began hearing comments about it. (*Id*.). Plaintiff was specifically asked by management why he said that "he was going to beat John's ass." (*Id*.). Plaintiff denied making this comment. (*Id*.).

In early November 2023, Plaintiff had a sit-down with his General Manager Randy Lewis regarding Plaintiff's and John Harvell's working relationship. (*Id*.). Plaintiff did not feel comfortable speaking with Randy as he did not believe Randy would do anything about the situation. (*Id*.). The only outcome of the meeting was that Randy told Plaintiff he could either transfer to another store or find other employment. (*Id*. at PageID. 39). Thereafter, in early November, Plaintiff sat down and talked with Troy Wilson, the District Manager. During this meeting with Mr. Wilson, Plaintiff specifically told him about John and the video and complained about the racial language used during the video. (*Id*.). Wilson downplayed the incident and told Plaintiff that John was not a racist. (*Id*.). Mr. Wilson also said he knew that Randy had spoken with Plaintiff about transferring stores. (*Id*.). Within a couple of weeks after making his complaints about racial discrimination to Mr. Wilson, Plaintiff was taken off the schedule, had a call with Randy, and eventually was terminated. (*Id*.). Nothing had occurred between Plaintiff's meeting with Mr. Wilson and his termination that would warrant his termination. (*Id*.). Plaintiff was told he was being terminated because "he would not

3

change and try to work through the relationship issues with John." (*Id.*). To Plaintiff's knowledge, John was not terminated or disciplined for his use of the "N" word or for any of his interactions with Plaintiff. (*Id.*). Plaintiff was terminated on or about November 27, 2023. (*Id.*).

After filing his complaint with the EEOC and receiving his Notice of Right to Sue from the EEOC, Plaintiff Colin D. Miller filed a timely complaint against Foosackly's alleging claims under Title VII and under § 1981 for race discrimination and retaliation in employment. (Doc. 1). On June 11, 2024, he filed an Amended Complaint (Doc. 9), which is now the operative complaint. Foosackly's filed the instant motion to dismiss on June 25, 2024, which has been fully briefed and argued at a hearing before the undersigned. (Docs. 12, 14, 15, 16).

## II. Standard of Review

Defendant Foosackly's submits that Plaintiff's claims against it are due to be dismissed, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because Plaintiff has failed to state a claim against it upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.... [This standard] asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. In determining whether a claim is stated, the court "must accept the factual allegations in a complaint as true and construe them in the light most

4

favorable to the plaintiff." *Almanza v. United Airlines, Inc.,* 851 F.3d 1060, 1066 (11th Cir. 2017). However, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

A complaint is also "subject to dismissal for failure to state a claim 'when its allegations, on their face, show that an affirmative defense bars recovery on the claim,'" *Douglas v. Yates,* 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting *Cottone v. Jenne,* 326 F.3d 1352, 1357 (11th Cir. 2003)), or "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action," *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. Legal Analysis

Plaintiff has asserted claims under Title VII and under § 1981 for race discrimination and retaliation in employment against his former employer, Foosackly's. (Doc. 9). Title VII prohibits "employment discrimination because of race, color, religion, sex, or national origin," and § 1981 "prohibits employers from intentionally discriminating on the basis of race in employment contracts." *Tynes v. Fla. Dep't of Juv. Just.,* 88 F.4th 939, 943-44 (11th Cir. 2023); *see also* 42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 1981. Foosackly's contends that Plaintiff has failed to allege facts that create a facially plausible case of race discrimination or retaliation under either statute.

"To prove a claim [for race discrimination] under either statute, a plaintiff can use direct evidence, circumstantial evidence, or both." *Tynes,* 88 F.4th at 944 (citing *Jenkins v. Nell*, 26 F.4th 1243, 1249 (11th Cir. 2022)). "Direct evidence of discrimination is 'evidence, which if believed, proves the existence of the fact in issue without inference or presumption.'" *Allen v. PJ Cheese, Inc.,* 2024 WL 2884170, at * 13 (N.D. Ala. June 7,

2024) (quoting *Maynard v. Bd. of Regents*, 342 F.3d 1281,1288 (11th Cir. 2003)). "[Remarks] by non-decisionmakers or remarks unrelated to the decision-making process itself are not direct evidence of discrimination." *Id.* (internal quotation marks and citation omitted). Plaintiff has not alleged direct evidence of discrimination.

A plaintiff may also proceed on a claim of discrimination by alleging circumstantial evidence in support of his claim, most frequently under either the *McDonnell Douglas* framework or under the convincing mosaic theory. However, as recently persuasively explained by the Eleventh Circuit Court of Appeals, "neither *McDonnell Douglas* nor 'convincing mosaic' is a **pleading** standard that should be used at the Rule 12(b)(6) stage" to evaluate the sufficiency of a complaint. *Davis v. Miami-Dade Co.*, 2024 WL 4051215, *2 (11th Cir. Sept. 5, 2024) (emphasis added)(unpublished per curiam opinion). The *Davis* Court addressed the pleading standard as follows:

> Instead, the correct pleading standard in a discrimination case is the same as in any other case: "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In a discrimination case, that means that the complaint "need only provide enough factual matter (taken as true) to suggest intentional ... discrimination." *Surtain*, 789 F.3d at 1246 (quotations omitted).

*Id.* at *4.

In this case, Plaintiff contends that race was the motivating factor behind his termination. He has plead that he is black, and the decision makers were white; that his

issues at work started in July of 2023 when he was sent a video by a fellow employee of a white co-worker and salaried manager, John Harvell, repeatedly using the "N" word in a video on social media; that he and his co-workers discussed this video, specifically the use of the "N" word, what was going to happen, and how the employees felt about the video, at work the next day; that one co-worker told him that John Harvell had previously used the "N" word but had to give up saying it in order to propose to his fiancé; that he complained about this video to management and other employees when it happened and also complained about the video and use of the "N" word closer to his termination; that John Harvell began to treat him differently after he let his co-workers, including managers, know that he did not approve and was offended by this word; that in October of 2023, management asked Plaintiff why he had said "he was going to beat John's ass" and he told them he did not make that comment; that in early November of 2023, Plaintiff had a meeting with Randy Lewis regarding his and John Harvell's working relationship; that he was uncomfortable talking with Lewis about the situation because he did not believe Lewis would do anything to help the situation; that Lewis's only solution was to tell Plaintiff that he could either transfer to another location or find other employment; that later in November, Plaintiff talked with Troy Wilson, the District Manager and, during this meeting, he specifically told Wilson about John Harvell and the video and complained about the racial language used during the video; that Wilson downplayed the incident and told Plaintiff that John was not a racist; that Wilson also said he knew that Randy had spoken with Plaintiff about transferring stores; that within a couple of weeks after making his complaints about racial discrimination to Wilson, Plaintiff was taken off the schedule, had a call with Randy, and eventually was

terminated; that nothing had occurred between Plaintiff's meeting with Wilson and his termination that would warrant his termination; that Plaintiff was told he was being terminated because "he would not change and try to work through the relationship issues with John;" that, to Plaintiff's knowledge, John was not terminated or disciplined for his use of the "N" word or for any of his interactions with Plaintiff; and that he was terminated on or about November 27, 2023. (*Id*.). (Doc. 9, PageID. 37-39).

Viewing these allegations in the light most favorable to Plaintiff, the Court finds that the allegations plausibly set forth an inference that "suggest intentional discrimination." Given the timing of his termination and his conversations with his managers, Plaintiff's allegations plausibly suggest that his termination was motivated by his race and/or in retaliation for his complaints about Harvell's use of the "N" word and the way that Harvell started treating him after he complained about Harvell's use of the word. Plaintiff has met the minimum pleading standards to withstand a Rule 12(b)(6) challenge at this stage of the proceedings. Accordingly, the undersigned concludes that Defendant's motion is due to be denied.

## IV. Conclusion

For the reasons stated above, the undersigned Magistrate Judge **RECOMMENDS** that Defendant Foosackly's motion to dismiss Plaintiff's amended complaint (Doc. 12) be **DENIED.**

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. Gen. LR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **17th** day of **September, 2024**.

s/P. BRADLEY MURRAY
UNITED STATES MAGISTRATE JUDGE